IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE NASH,

    Plaintiff,

v.

KATHLEEN HEYDE, RENEE ANDERSON,
JUDY BENTLEY, KATHLEEN AMOUR,
DEBRA HEDRINGTON, SHELLY NITZ,
MARION HARTMANN, TRULENA
NELSON-SCHNEIDER, JOAN HANNULA,
PATRICIA HAZUGA, and MATTHEW
KACZMARK,[1]

    Defendants.

ORDER

Case No. 16-cv-223-wmc

In an order entered on November 8, 2017, plaintiff Willie Nash was granted leave to proceed *in forma pauperis* against defendants Kathleen Heyde, Renee Anderson, Judy Bentley, Kathleen (Comqxwvsi) Amour, Debra (Arnevik) Hedrington, Shelly Nitz, Marion Hartmann, Trulena Nelson-Schneider, Joan Hannula, Patricia (Scherreiks) Hazuga and Matthew Kaczmark. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Attorney General's office has filed an Acceptance of Service of plaintiff's complaint on behalf of all defendants, except Kathleen Heyde.

The Attorney General's office has not accepted service on behalf of Kathleen Heyde because she is deceased. Federal Rule of Civil Procedure 25(a)(1) sets forth the procedure that must be followed when a party to a lawsuit dies:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement

---

[1] I have amended the caption to replace Kathleen Comqxwvsi with the name Kathleen Amour, Debra Arnevik with the name Debra Hedrington, Trulena Schneider with the name Trulena Nelson-Schneider, Patricia Scherreiks with the name Patricia Hazuga and Sergeant Kaczmark with the name Matthew Kaczmark as identified in the Acceptance of Service.

1

> noting the death, the action by or against the decedent must be dismissed.

If no motion is filed by **April 5, 2018**, defendant Heyde will be dismissed.

Additionally, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of the defendants it represents. This means that for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department or defendants Anderson, Bentley, Amour, Hedrington, Nitz, Hartmann, Nelson-Schneider, Hannula, Hazuga and Kaczmark. The Department will access the document through the court's electronic filing system. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party should not be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference scheduled for January 31, 2018.

ORDER

IT IS ORDERED that if no party moves to substitute defendant Kathleen Heyde estate as a defendant by **April 5, 2018**, defendant Heyde will be dismissed from the case.

Entered this 9th day of January, 2018.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge